STEVEN T. GUBNER - Bar No. 156593
RICHARD D. BURSTEIN - Bar No. 56661
JESSICA L. BAGDANOV - Bar No. 281020
EZRA BRUTZKUS GUBNER LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone:  (818) 827-9000
Facsimile:   (818) 827-9099
Email:        sgubner@ebg-law.com
                  rburstein@ebg-law.com
                  jbagdanov@ebg-law.com

Attorneys for David Seror, Chapter 7 Trustee

**FILED & ENTERED**

**FEB 23 2015**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Ogier        DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>JASON MICHAEL HIRSHIK,<br><br>         Debtor. | Case No. 1:14-bk-11038-AA (MT)<br><br>Chapter 7<br><br>**ORDER GRANTING MOTION BY CHAPTER 7 TRUSTEE TO:**<br><br>**(1) APPROVE SALE OF REAL PROPERTY FREE AND CLEAR OF ALL LIENS, INTERESTS, CLAIMS, AND ENCUMBRANCES WITH SUCH LIENS, INTERESTS, CLAIMS, AND ENCUMBRANCES TO ATTACH TO PROCEEDS PURSUANT TO 11 U.S.C. §§ 363(b) AND (f);**<br><br>**(2) APPROVE OVERBID PROCEDURES;**<br><br>**(3) DETERMINE THAT BUYER IS ENTITLED TO PROTECTION PURSUANT TO 11 U.S.C. § 363(m)**<br><br><u>Hearing</u>:<br><br>Date:   February 18, 2015<br>Time:  1:00 p.m.<br>Place:  Courtroom 302<br>           United States Bankruptcy Court<br>           21041 Burbank Boulevard<br>           Woodland Hills, CA 91367 |

1247121

The Motion by David Seror, Chapter 7 Trustee ("Trustee") for the bankruptcy estate of debtor Jason Michael Hirshik (Debtor), to (1) Approve Sale of Real Property Free and Clear of All Liens, Interests, Claims and Encumbrances With Such Liens, Interests, Claims, and Encumbrances to Attach to Proceeds Pursuant to 11 U.S.C. §§ 363(b) and (f); (2) Approve Overbid Procedures; and (3) Determine that Buyer is Entitled to Protection Pursuant to 11 U.S.C. § 363(m) ("Motion") [Doc. 45] duly came on for hearing on February 18, 2015, at 11:00 a.m., in Courtroom 302 of the above-entitled Court, the Honorable Maureen A. Tighe, United States Bankruptcy Judge, presiding. Jessica L. Bagdanov, of the law firm Ezra Brutzkus Gubner LLP, appeared on behalf of the Trustee. All other appearances were made as noted on the record.

The Court having read and considered the Motion, and all papers and pleadings filed in support thereof; having received evidence both oral and documentary, having further heard and considered the arguments made by counsel at the hearing; finding that notice of the Motion was appropriate and sufficient; and after due deliberation and setting forth its findings, conclusions and reasons on the record and in its Tentative Ruling; and good cause appearing therefor:

**THE COURT HEREBY FINDS AS FOLLOWS:**

A.   This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§157 and 1334. Venue of this case in this district is proper pursuant to 28 U.S.C. §§1408 and 1409. Determination of the Motion is a core proceeding under 28 U.S.C. §157(b)(2).

B.   The statutory predicates for the relief sought by the Motion are §§ 363(b) and (f) of the United States Bankruptcy Code, 11 *U.S.C.* §§ 101, *et seq.*, as amended ("Bankruptcy Code") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (each a "Bankruptcy Rule" and collectively the "Bankruptcy Rules").

C.   Proper, timely, sufficient and adequate notice of the Motion and the transaction contemplated thereby has been provided in accordance with § 363 of the Bankruptcy Code and Rules 2002 and 6004 of the Bankruptcy Rules. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested parties and entities. Such notice was good, sufficient, and appropriate under the circumstances, and no other or further notice of the Motion is or shall be required.

2

1247121

1      D.    The Real Property which is the subject of the Sale Motion, 15114 La Maida Street, (Sherman Oaks Area), Los Angeles, California 91403, APN 2264-010-024 ( "Real Property"), more fully described in **Exhibit A** hereto, is property of this Estate pursuant to Bankruptcy Code § 541;

    E.    The sale of the Real Property as contemplated by and described in the Motion, and as set forth in the Court's findings, conclusions and reasons stated on the record and in its Tentative Ruling, is in the best interests of the Estate and its creditors;

    F.    The terms and conditions of the sale of the Real Property as contemplated and described in the Motion and as set forth in the Court's findings, conclusions and reasons stated on the record and in its Tentative Ruling, are fair and reasonable;

    G.    There is a sound business purpose for the sale of the Real Property as contemplated by and described in the Sale Motion, and as set forth in the Court's findings, conclusions and reasons stated on the record and in its Tentative Ruling;

    H.    The sale of the Real Property as contemplated by and described in the Motion, and as set forth in the Court's findings, conclusions and reasons stated on the record, was proposed and negotiated in good faith;

    I.    As set forth in the Court's findings, conclusions and reasons stated on the record and in its Tentative Ruling, the Real Property was adequately marketed, and no potential overbids were received by the Trustee or his counsel;

    J.    Kevin Horowitz ("Buyer"), the purchaser of the Real Property, has acted in good faith and the sale as contemplated and described in the Motion, and as set forth in the Court's findings, conclusions and reasons stated on the record and in its Tentative Ruling, is an arms-length transaction, without collusion;

    K.    As of the petition date, a martial dissolution proceeding before the Los Angeles County Superior Court was pending between Debtor and his former spouse, Raquel Dabbah, Case No. LD 064 769.

    **NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

    1.    The Motion is granted and approved in all respects except those portions pertaining to

overbid procedures which sections are moot.

2.  Proper, timely, and sufficient notice of the Motion has been provided in accordance with § 363 of the Bankruptcy Code and Rules 2002 and 6004 of the Bankruptcy Rules, and no other or further notice of the Motion is required.

3.  The following interests appear to encumber the Real Property:

    a.  A Deed of Trust currently serviced by JP Morgan Chase Bank, N.A. ("Chase"), in the principal amount of $688,000, recorded August 1, 2007 as Instrument No. 20071846770 ("First Trust Deed");[1]

    b.  A Notice of Lis Pendens, recorded August 12, 2013 as Instrument No. 20131182368, in connection with Debtor's pending dissolution proceeding LASC Case LD 064 769 ("Lis Pendens").

4.  Additionally, title to the Real Property is held as follows: "Jason M. Hirshik and Raquel Dabbah, husband and wife as joint tenants, subject to proceedings pending in the bankruptcy court where a petition for relief was filed."  The Debtor has scheduled the Real Property as community property, and the marital dissolution proceeding between Debtor and Raquel Dabbah was pending as of the petition date.  Therefore, the Trustee is authorized to sell the Real Property pursuant to 11 U.S.C. § 541 free and clear of Raquel Dabbah's joint tenancy interest ("Spousal Community Property Interest") in the Real Property, and is further authorized to execute all documents necessary to consummate the sale of the Real Property on behalf of the Estate, including without limitation any necessary to convey title or interest on behalf of Raquel Dabbah.

5.  Additionally, claimant Fernandez & Karney asserts an interest in the Real Property by virtue of an asserted Charging Lien against the Real Property ("Attorney Claim").  The Attorney Claim is subject to a bona fide dispute within the meaning of 11 U.S.C. §363(f)(4).

6.  The Counter-Offer dated November 25, 2014, which sets forth all sale agreement terms between the Trustee and Buyer ("Sale Agreement," attached as Exhibit A to the Motion), and all of the terms and conditions thereto, is hereby approved.

7.  The Trustee is authorized to sell, convey, assign, and transfer all of the Estate's right,

---

[1] The actual payment on the First Trust Deed will be determined after the Trustee reviews and approves the final payoff demand submitted by Chase.

4

1247121

title and interest in the Real Property for a purchase price of Seven Hundred Seventy-Five Thousand Dollars ($775,000.00) to Buyer, on an "**AS IS, WHERE IS**" basis, without any warranties, expressed or implied, and without any contingencies, and pursuant to 11 U.S.C. §363(f), free and clear of the First Trust Deed, Lis Pendens, and the Spousal Community Property Interest, with such claims, liens, interests, and encumbrances to attach to the Sale proceeds with the same priority and rights of enforcement as previously existed, if any.

8.  The Trustee is further authorized to sell the Real Property free and clear of the Attorney Claim pursuant to 11 U.S.C. § 363(f)(4).

9.  The Trustee is fully authorized to execute any and all documents that may be necessary or convenient to consummate the Sale to Buyer, including but not limited to a Notice of Withdrawal of the Lis Pendens.

10. The Trustee is fully authorized to direct escrow to pay from the sale proceeds and directly from escrow all sums appearing due upon escrow closing, as shown on demands for final payoff satisfactory to the Trustee for the First Trust Deed, after such demand(s) is approved by the Trustee.

11. The Trustee is further fully authorized and ordered to direct escrow to pay from the sale proceeds and directly from escrow six percent (6%) of the net sales proceeds the following amounts as brokers' commissions to Coldwell Banker and Match Realty (collectively, "Trustee Broker") and Rodeo Realty ("Buyer Broker"):

    a.  One-and-one-half percent (1.5%) commission to Coldwell Banker;

    b.  One-and-one-half percent (1.5%) commission to Match Realty; and

    c.  Three percent (3%) commission to Rodeo Realty.

12. The Trustee is further fully authorized to direct escrow to pay all other normal and customary escrow costs and pro-rations as necessary to close escrow.

13. The remaining sums, after the foregoing amounts are paid, shall be paid by escrow to the Trustee to be held in a segregated account, pending further order of the Court.

14. As set forth on the record, Buyer has acted in good faith within the meaning of 11 U.S.C. § 363(m) and is thus granted all the protections and immunities afforded by that Section.

1247121

15.    Based upon the Court's findings, conclusions and reasons stated on the record and in its tentative ruling, the purchase terms for the Real Property (as set forth in the Sale Agreement) are fair and reasonable under the circumstances of this Chapter 7 case and this proceeding.

16.    Based upon the Court's findings, conclusions and reasons stated on the record and in its Tentative Ruling, the Motion and Sale Agreement are approved as is in the best interests of the Debtor, the Estate, and its creditors.

17.    Based upon the Court's findings, conclusions and reasons stated on the record and in its Tentative Ruling, entry into the Sale Agreement is a prudent exercise of the Trustee's business judgment.

18.    Any objections to the relief requested in the Motion and the entry of this Order that have not been withdrawn, waived, or settled, or not otherwise resolved pursuant to the terms hereof, if any, are hereby denied and overruled on the merits with prejudice based upon the Court's findings, conclusions and reasons stated on the record and in its Tentative Ruling.

19.    This Court shall retain jurisdiction to enforce, interpret, and implement the terms of the Sale Agreement, and each of the documents and instruments executed in connection therewith and with this order.

20.    The Sale Agreement may be modified, amended, or supplemented by the parties thereto without further order of this Court only by non-material modifications, amendments, or supplements that do not have an adverse effect on the Estate or its creditors.

///
///
///
///
///
///
///
///
///

1247121

1   21. The findings of fact and conclusions of law stated herein and as set forth by the Court
2  on the record during the hearing on this matter, shall constitute the Court's findings of fact and
3  conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant
4  to Bankruptcy Rule 9014. To the extent any finding of fact later shall be determined to be a
5  conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be
6  determined to be a finding of fact, it shall be so deemed.

7   IT IS SO ORDERED.

###

Date: February 23, 2015

_Maureen A. Tighe_
Maureen A. Tighe
United States Bankruptcy Judge

1247121

**EXHIBIT A**
Legal Description

The land hereinafter referred to is situated in the City of Los Angeles, County of Los Angeles, State of CA, and is described as follows:

Lot 11 in Block 8 of Tract 7460, in the City of Los Angeles, as per Map recorded in Book 101 Page(s) 76-78 inclusive of Maps in the Office of the County Recorder of Los Angeles County, State of California.

Except therefrom all oil, gas, minerals and other hydrocarbon substances, lying below a depth of 500 feet, without the right of surface entry.

APN: 2264-010-024